IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

KELVIN CHARLES RANSOM,       *

    Plaintiff,             *

vs.                          *
                                                  CASE NO. 4:19-CV-130 (CDL)
BRIAN CAIL, AUDREY CAIL, and *
MATT CAIL,
                                *

    Defendants.
                                *

O R D E R

Kelvin Ransom, who is proceeding pro se, sued his former employer and the employer's son and daughter for defamation in this federal court sitting in the State of Georgia. All Defendants are residents of Alabama. Before the Court is Defendants' motion to dismiss for lack of personal jurisdiction. For the following reasons, that motion (ECF No. 7) is granted.

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. The district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition

testimony." *Id.* Here, there was no evidentiary hearing, and Defendants provided no jurisdictional evidence. Therefore, the Court construes Ransom's allegations as true and considers whether they allege a sufficient basis for personal jurisdiction.

Ransom alleges that Defendants Brian, Audrey, and Matt Cail reside in Lee County, Alabama. Ransom worked for Brian at B&J Trucking, a business located in Salem, Alabama. At some point, Audrey told Brian that Ransom gave Matt drugs, and Brian fired Ransom without investigating whether this statement was true. Brian then spread false statements about Ransom to other employers in Alabama and Georgia, which hurt Ransom's ability to get another job.

To determine whether Defendants are subject to the Court's personal jurisdiction, the Court examines whether Ransom's factual allegations support personal jurisdiction under Georgia's long-arm statute, and if they do, whether exercising jurisdiction would nevertheless violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Diamond Crystal Brands v. Food Movers Int'l*, 593 F.3d 1249, 1257-58 (11th Cir. 2010). "When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court." *Id.* at 1258 (quoting *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998)).

It is undisputed that Defendants are residents of Alabama, and Ransom does not allege that they transacted business in Georgia. The only possible basis for personal jurisdiction is Defendants' alleged publication of defamatory information to persons in Georgia. Georgia's long-arm statute provides personal jurisdiction over "any nonresident . . . as to a cause of action arising from any of the acts . . . enumerated in this Code section" if the nonresident "[c]ommits a tortious act or omission within this state, *except as to a cause of action for defamation of character arising from the act*." O.C.G.A. § 9-10-91(2) (emphasis added). The statute "is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation." *Worthy v. Eller*, 594 S.E.2d 699, 700 (Ga. Ct. App. 2004) (quoting *Balmer v. Elan Corp.*, 583 S.E.2d 131, 134 (Ga. Ct. App. 2003)). Here, Ransom alleged that Brian Cail defamed him. The publication of defamatory information in Georgia standing alone is insufficient to establish personal jurisdiction under Georgia's long-arm statute.

In his response to Defendants' motion to dismiss, Ransom makes two additional allegations: (1) that Brian Cail "goes to [Ransom's] workplace to cause conflict . . . with damaging statements" and (2) that Brian Cail sent a "child support letter" to the Division of Family and Child Services in another effort to harm Ransom's reputation. Pl.'s Resp. to Defs.' Mot. to Dismiss 1-2, ECF No. 8.

3

These allegations simply provide more specific information supporting Ransom's defamation claim. The Georgia legislature has determined that the commission of acts solely related and giving rise to a defamation claim do not fall within the Georgia long-arm statute. Ransom did not allege that Defendants committed any other acts in Georgia as required by the long-arm statute. *See, e.g.*, *Anderson v. Deas*, 615 S.E.2d 859, 862 (Ga. Ct. App. 2005) ("[A]n out-of-state defendant must do certain acts within the State of Georgia before he can be subjected to personal jurisdiction.") (quoting *Gust v. Flint*, 356 S.E.2d 513, 514 (Ga. 1987)). His factual allegations thus do not support the exercise of personal jurisdiction over Defendants under the long-arm statute. Therefore, it is unnecessary for the Court to determine whether the exercise of jurisdiction would offend due process. *Diamond Crystal Brands*, 593 F.3d at 1257-58. Unable to satisfy the first prong of the personal jurisdiction inquiry, Ransom's complaint must be dismissed for lack of personal jurisdiction. Defendants' motion to dismiss (ECF No. 7) is granted.

IT IS SO ORDERED, this 23rd day of December, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA